UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-                                          09 Cr. 1184

**MEMORANDUM OPINION
AND ORDER**

RAJ RAJARATNAM and DANIELLE CHIESI,

Defendants.

Richard J. Holwell, U.S. District Judge:

On February 5, 2010, the government submitted an ex parte application to the Court for an order permitting it to produce certain documents to the defendants in redacted form. According to the government, the documents reflected statements that Roomy Khan, a cooperating witness, had previously made to the government. The government asked permission to redact certain portions of these documents (the "Khan documents") that related to ongoing covert investigations involving two individuals occasionally mentioned in the Khan documents. On February 8, 2010, the Court granted that request. In mid-March, after the government's production of the Khan documents in redacted form, defendant Rajaratnam moved for an order compelling the government to produce unredacted versions of the material. The government filed an opposition to that motion. Recently, the Court directed the government to deliver the Khan documents in unredacted form for its *in camera* review. Having now undertaken that review, the Court concludes that the defendants' motion should be denied.

Rajaratnam argues that production of the documents in unredacted form is required by *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio v. United States*, 405 U.S. 150 (1972).[1] *Brady* obligates the government "to disclose favorable evidence to the accused where such evidence is 'material' either to guilt or to punishment."  *United States v. Jackson*, 345 F.3d 59, 70 (2d Cir. 2003) (citing *Brady*, 373 U.S. at 87).  Favorable evidence plainly includes exculpatory evidence, but *Giglio* held that it also includes evidence that can be used to impeach the credibility of a government witness.  *See Jackson*, 345 F.3d at 70 (citing *Giglio*, 405 U.S. at 153–55).  The government is obligated to turn over *Brady* material "no later than the point at which a reasonable probability will exist that the outcome would have been

---

[1] In his opening brief, Rajaratnam also cited Fed. R. Crim. P. 16(a)(1)(E) and Fed. R. Evid. 106.  Rule 16(a)(1)(E) provides in part that "[u]pon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and . . . the item is material to preparing the defense."  Fed R. Crim. P. 16(a)(1)(E).  But Rule 16(a)(2) would seem to allow the government, subject to other disclosure obligations, to refuse to produce interview notes made by government agents in connection with investigating this case.  *See* Fed. R. Crim. P. 16(a)(2); *United States v. Fort*, 472 F.3d 1106, 1110 n.2 (9th Cir. 2007); *United States v. Ghailani*, --- F. Supp. 2d ----, ----, 2010 WL 653269, at *2 (S.D.N.Y. 2010) (finding that a government memorandum was protected against disclosure under Rule 16(a)(2), regardless of its materiality under Rule 16(a)(1)(E)); *United States v. Batista*, 2009 WL 910357, at *10 (E.D.N.Y. Mar. 31, 2009) (denying defendant's request for government reports and records because Rule 16(a)(2) "expressly prohibits such disclosures," without analyzing Rule 16(a)(1)'s application); *United States v. Randolph*, 224 F.R.D. 503, 508–11 (N.D. Ala. 2004).  In any event, Rajaratnam appears to have abandoned his Rule 16 argument in his reply brief.

In addition, Rajaratnam's opening brief invoked Fed. R. Evid. 106, which requires that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in fairness to be considered contemporaneously with it."  Fed. R. Evid. 106.  "Under this principle, even though a statement may be hearsay, an 'omitted portion of [the] statement must be placed in evidence if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'"  *United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (quoting *United States v. Castro*, 813 F.2d 571, 575–76 (2d Cir. 1987)).  *Johnson* does not obviously support compelling the production of the Khan documents in unredacted form; there, the Second Circuit upheld a district court's decision to admit redacted material into evidence because the decision did not violate the rule of completeness embodied in Fed. R. Evid. 106.  In any case, trial is still some distance from now, and an evidentiary argument of this sort is premature.

different if an earlier disclosure had been made."  *United States v. Coppa*, 267 F.3d 132, 142

(2d Cir. 2001).

Assuming that *Brady* and *Giglio* apply to pretrial suppression hearings,[2] the Court's

review of the unredacted Roomy Khan documents provides no basis for ordering production

of the redacted material at this stage for the specific purpose for which the defendant seeks it.

Rajaratnam seeks the material to aid him in impeaching the credibility of Khan, a cooperating

witness whose statements the government used to support its wiretap applications in March

2008 and thereafter.  (Def.'s Mem. 7.)[3]  The unredacted material demonstrates that Khan

provided inconsistent information to the government.  On November 28, 2007, for example,

---

[2] Whether they do is "an open question in this circuit."  *United States v. Nelson*, 193 Fed. Appx. 47, 53 (2d Cir. 2006); *see United States v. Barker*, No. 02-1340, 2003 WL 21523202, at *2 (2d Cir. 2003) ("We have never held that *Brady* applies to pre-trial suppression hearings, and we do not reach the issue now because, even if *Brady* applies, it is clear that the Government did not violate it.").  The two circuits to have squarely decided the question have held that it does apply here.  *See United States v. Barton*, 995 F.2d 931, 935 (9th Cir. 1993) ("[W]e hold that the due process principles announced in *Brady* and its progeny must be applied to a suppression hearing involving a challenge to the truthfulness of allegations in an affidavit for a search warrant."); *Smith v. Black*, 904 F.2d 950, 965–66 (5th Cir. 1990), *vacated on other grounds*, 503 U.S. 930 (1992).  Other circuits have avoided deciding the question.  *See United States v. Stott*, 245 F.3d 890, 902 (7th Cir. 2001); *United States v. Williams*, 10 F.3d 1070, 1077 (4th Cir. 1993) ("In light of the inconsequential nature of the *Brady* case to these proceedings, we assume arguendo but decline to address definitively on the merits the issue of whether *Brady* should call for disclosure of material evidence at pre-trial suppression hearings.").  Other circuits have expressed doubts, albeit in dicta, about applying *Brady* in this context.  *See United States v. Bullock*, 130 Fed. Appx. 706, 723 (6th Cir. 2005) ("Whether the suppression hearing might have come out the other way, however, is of questionable relevance to the *Brady* issues at stake here."); *United States v. Bowie*, 198 F.3d 905, 912 (D.C. Cir. 1999) (quoting *Brady*, 373 U.S. at 87) ("[I]t is hardly clear that the *Brady* line of cases applies to suppression hearings.  Suppression hearings do not determine a defendant's guilt or punishment, yet *Brady* rests on the idea that due process is violated when the withheld evidence is 'material either to guilt or punishment . . . .'").  Because the evidence is not material to impeaching Khan's credibility on this suppression motion, the Court need not resolve the issue here.

[3] Although Rajaratnam cites *Brady*, he chiefly asserts the right to the redacted material under *Giglio*, because it constitutes impeachment evidence.  As for the application of *Brady* to the redacted material, the government has represented that none of it is exculpatory.  Having reviewed the redactions itself, the Court has no basis for finding differently, although of course the Court lacks the context of the entire case as the parties do not.  It goes without saying that the government is under a continuing obligation to disclose *Brady* material.  Should it become evident to the government at any time that material redacted from the Khan documents is exculpatory within the meaning of *Brady*, the government is bound to honor its disclosure obligations with respect to that material.

she "denied any wrongdoing by herself or Mr. Rajaratnam," but later she changed her story and admitted to insider trading with Rajaratnam and other individuals.  (Def.'s Mem. 4.) Rajaratnam argues that the redacted material may provide further evidence of Khan's unreliability and therefore further undermine the basis for probable cause when the government's wiretap applications were first made.

But the government's *Brady* and *Giglio* obligations extend only to material impeachment evidence, not to evidence that is "possibly useful to the defense" but is "not likely to have changed the verdict."  *United States v. Avellino*, 136 F.3d 249, 255, 257 (2d Cir. 1998).  "[W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or who is subject to extensive attack by reason of other evidence, the undisclosed evidence may be cumulative, and hence not material."  *Shabazz v. Artuz*, 336 F.3d 154, 166 (2d Cir. 2003) (quoting *Avellino*, 136 F.3d at 257); *see United States v. Berrios*, 2008 WL 2185390, at *2 (2d Cir. May 27, 2008) (where the government had already disclosed that a key witness suffered from psychological problems, its failure to disclose further evidence of that fact did not violate *Brady* and *Giglio* because that undisclosed evidence was cumulative and not material); *Tankleff v. Senkowski*, 135 F.3d 235, 251 (2d Cir. 1998) ("When a witness's credibility has already been substantially called into question in the same respects by other evidence, additional impeachment evidence will generally be immaterial and will not provide the basis for a *Brady* claim."); *cf. United States v. Castillo*, No. 05-2220, 2006 WL 1070904, at *1 (2d Cir. 2006) (finding that *Giglio* did not mandate disclosure of a piece of evidence which "contradicted the prosecution witness's testimony to a minimal extent" and which, if disclosed, would not have presented a "reasonable probability" that "the result of the

proceeding would have been different") (quoting *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995)).  Although it is no secret that the redacted material contains additional evidence that Khan engaged in insider trading with individuals,[4] the unredacted material provides more of the same.  The redactions are therefore cumulative evidence, not material impeachment evidence under *Giglio*, that Khan made inconsistent statements to the government at different times.  While different considerations might warrant reconsideration in connection with the ultimate trial of this matter, the Court is satisfied that the limited redactions made for legitimate investigative purposes are immaterial in the context of defendant's proposed motion to suppress.

## CONCLUSION

Accordingly, Rajaratnam's motion **[62]** is denied, with leave to renew on August 15. Upon a renewed motion to compel the production of this material, the government will be required to satisfy the Court that the redacted information is not *Brady* or *Giglio* material in connection with the impending trial.

SO ORDERED.

Dated: New York, New York
April 23, 2010

Richard J. Holwell
United States District Judge

---

[4] The government admits as much in its brief.  (*See* Govt.'s Mem. 13 ("the redacted material contains information about insider trading that Khan committed with other individuals").)