UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

RAJ RAJARATNAM and DANIELLE CHIESI,

Defendants.

09 Cr. 1184 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

In connection with his motion to suppress Title III intercepts, defendant Rajaratnam requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) (a "*Franks* hearing"). *Franks* allows a defendant challenging the government's application for wiretap authorization to obtain an evidentiary hearing in certain circumstances. "[W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." *Franks*, 438 U.S. at 155–56. "[M]aterially misleading omissions as well as misrepresentations may be challenged by the defense." *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987). As the Court reads *Franks*, the defendant must first make a substantial preliminary showing that the government recklessly or knowingly made a misleading statement or omission. If he or she does so, the Court must then determine whether the misstatement or omission was

1

necessary to the issuing court's finding.[1]  *See also Colorado v. Nunez*, 465 U.S. 324, 326–27 (1984) (defendant entitled to a *Franks* hearing "if he makes a substantial preliminary showing that an affiant knowingly and intentionally, or with reckless disregard for the truth, included in a warrant affidavit a false statement necessary to the finding of probable cause").  A misstatement would not be necessary to the issuing court's finding if, "after setting aside the allegedly misleading statements or omissions, there remains a residue of independent and lawful information sufficient to support" that finding.  *United States v. Levasseur*, 816 F.2d 37, 43 (2d Cir. 1987) (internal quotation marks omitted).

*Franks* itself concerned an issuing judge's finding of probable cause.  The issue here is different.  It concerns Title III's requirement that any wiretap application contain "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous."  18 U.S.C. § 2518(1)(c).  According to Rajaratnam, when the

---

[1] Although the phrase "substantial preliminary showing" in *Franks* grammatically precedes only the first prong of the test—not the second—the Second Circuit has assumed that the phrase applies to both prongs.  It has said that a defendant must make a substantial preliminary showing both (1) that the false statements or omissions were reckless or knowing; and (2) that they were necessary to the issuing court's finding.  *See United States v. Falso*, 544 F.3d 110, 125 (2d Cir. 2008) (Sotomayor, J.); *United States v. Salameh*, 152 F.3d 88, 113 (2d Cir. 1998); *United States v. Moore*, 968 F2d. 216, 220 n.1 (2d Cir. 1992).  The distinction is not purely semantic: the Court's reading of *Franks* requires a reviewing court to decide for itself whether a misstatement, assuming it was recklessly or intentionally made, was necessary to the issuing court's decision.  The Second Circuit's reading, by contrast, only requires a substantial preliminary showing from the defendant on this point.  In any event, the distinction makes no difference at this stage.  The Court would reach the same conclusion regardless of the standard it applied.

government applied for permission to wiretap Rajaratnam on March 7, 2008, it misled the issuing court about whether there was an investigative need for wiretapping.[2]

Although the Second Circuit has not directly addressed whether alleged misstatements in the necessity section of a warrant affidavit are subject to the standard set forth in *Franks*, it has extended the logic of *Franks* to other Title III requirements. *See United States v. Bianco*, 998 F.2d 1112, 1124–26 (2d Cir. 1993) (applying *Franks* to 18 U.S.C. § 2518(11)(a)(ii), which requires that the government explain why "specification of the place of interception is not practical"). By the same logic, *Franks* applies here. *See United States v. Green*, 175 F.3d 822, 828 (10th Cir. 1999) ("If a wiretap affidavit omits material information that would vitiate either the necessity or the probable cause requirements had it been included, the resultant evidence must be suppressed."); *United States v. Ippolito*, 774 F.2d 1482, 1485 (9th Cir. 1985) ("[A]lthough *Franks* dealt specifically with probable cause, its reasoning applies [to Title III's necessity requirement] as well . . . ."); *United States v. Sanchez-Flores*, 1995 WL 765562, at *5 (S.D.N.Y. Dec. 29, 1995) (applying *Franks* to determine whether the government misled the court about the need for a wiretap); *see also United States v. Heilman*, 2010 WL 1583097, at *12 (3d Cir. Apr. 21, 2010) (while choosing not to decide the question, observing that "most appellate courts have held that *Franks* hearings are also appropriate when a defendant is challenging whether there are false statements or omissions in an affidavit for a wiretap application that speak to the necessity requirement").

---

[2] Rajaratnam separately requests a *Franks* hearing on the ground that the government's March 7, 2008 warrant affidavit misled the issuing judge about facts material to the existence of probable cause. The Court denies that request, for reasons to follow in a forthcoming opinion.

3

Rajaratnam has made a substantial preliminary showing that the government recklessly or knowingly misleadingly omitted several key facts from its March 7 affidavit, including: (1) the existence of a lengthy SEC investigation that preceded the wiretap request, and a prior FBI investigation of Rajaratnam's connection to insider trading; (2) the fact that the SEC investigation generated some four million documents, all of which the government apparently had access to prior to its March 7, 2008 wiretap application to Judge Lynch; and (3) the fact that Galleon employees, including Rajaratnam, testified under oath and participated in witness interviews with the SEC, the transcripts of which were apparently available to the government prior to March 7. These omissions, particularly in light of what the affidavit did say, are serious enough to constitute a substantial preliminary showing that the government acted knowingly or recklessly.

Moreover, the omissions, at least as Rajaratnam has presented them at this time, appear material to Judge Lynch's determination that a wiretap was justified in this case.[3] Correcting the affidavit to account for these omissions, the Court concludes that the existence and scope of the SEC investigation raise a substantial question as to whether

---

[3] Rajaratnam contends that the SEC investigation, which lacked the advantage of wiretap intercepts, accumulated enough evidence to bring a civil suit against Rajaratnam. If that contention is right, it makes the omission of the investigation from the March 7 affidavit a questionable exercise of judgment at best. Of course, the Court cannot be sure how heavily the SEC complaint relied on its earlier investigation, as opposed to unsealed criminal complaints and other materials from the U.S. Attorney's Office. In addition, that an SEC investigation was sufficiently successful to justify a lawsuit does not necessarily prove that the SEC's investigatory techniques would have been potent enough to produce enough evidence for a criminal prosecution. The SEC's civil-suit burden of proof is less demanding than the government's burden in a criminal case. Still, none of this alters the fact that Rajaratnam has made a substantial preliminary showing that the omissions were made, that they were recklessly made, and that they were significant. Whether they were recklessly made, and how significant they were, will be topics for further exploration at the *Franks* hearing.

4

the government affidavit adequately demonstrated the necessity of a wiretap—that is, a showing that conventional investigative techniques had been tried and had failed, or that there would be little use in trying them because they would likely fail.

Whether or not Rajaratnam will be able to prove by a preponderance that the government made misstatements that were both reckless and material, he has at least established good grounds for holding a *Franks* hearing regarding the veracity of the March 7, 2008 affidavit and the issue *vel non* of whether the necessity requirement has been satisfied. A hearing shall be held on September 7, 2010, at 10:00 a.m.

SO ORDERED.

Dated: New York, New York
   August 12, 2010

Richard J. Holwell
United States District Judge