USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/12/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

RAJ RAJARATNAM and DANIELLE CHIESI,

Defendants.

09 Cr. 1184 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, U.S. District Judge:

This opinion resolves two motions pending before the Court. First, defendant Rajaratnam, in a motion defendant Chiesi joins, asks the Court to strike what it terms "new charges" set forth in the government's letters of March 22 and April 14, 2010. Second, Rajaratnam moves to dismiss Count One of the Superseding Indictment ("Indictment") as prejudicially duplicitous. In the alternative, he asks the Court to order the government to elect a single conspiracy on which it may proceed. For the reasons that follow, both motions are denied.

**I.   Motion to Strike**

According to the defendants, the government has added charges to the Indictment, which the grand jury returned on February 9, 2010. Count One alleges that,

> [f]rom in or about 2003 through in or about March 2009, RAJ RAJARATNAM, the defendant, Ali Far, and others known and unknown, participated in a scheme to defraud by disclosing material, nonpublic information ("Inside Information") and/or executing securities transactions based on Inside Information pertaining to Atheros Communications, Inc. ("Atheros"), Marvell Technology Group, Ltd. ("Marvell"), and other companies.

1

(Indictment ¶ 4, attached as Govt.'s Opp. to Motion to Strike Ex. A.)  Count Five alleges that Chiesi and others "conspired to engage in insider trading with respect to IBM, AMD, Sun Microsystems ("Sun") and other companies."  (*Id.* ¶ 32.)  On March 22, 2010, in response to the defendants' requests that the government identify the "other companies," the government named an additional 22 companies at issue in Count One, and an additional two companies at issue in Count Five.[1]  The defendants argue that (1) this new information, provided as it was in letters postdating the Indictment, violates their Fifth Amendment right to have a grand jury return all charges against them; and (2) the new charges were disclosed to the defendants so late as to deprive them of their fair trial right to prepare a defense.

A federal criminal defendant has a Fifth Amendment right to be "tried and convicted only on those charges contained in the indictment returned by a grand jury." *United States v. Mucciante*, 21 F.3d 1228, 1233 (2d Cir. 1994); *see* U.S. Const. amend. V.  From that principle flows another: "only the grand jury may lawfully amend th[e] indictment." *Mucciante*, 21 F.3d at 1233.  Even where an indictment is not actually amended, it may be constructively amended.  This occurs "when its terms are in effect altered by the presentation of evidence and jury instructions which so modify essential elements of the offense charged that there is a substantial likelihood that the defendant may have been convicted of an offense other than that charged in the indictment." *Id.* (internal quotation marks and citations omitted).  Conviction on an indictment that has

---

[1] In a subsequent letter dated April 14, 2010, the government disclosed even more information about the allegations underlying these counts.  More recently, it has represented to the defendants that it does not intend to offer evidence regarding three of the Count One stocks, bringing the total number of stocks "added" to the indictment to 19.

2

been constructively amended, rather than amended by the grand jury, is a *per se* violation of the Grand Jury Clause and requires reversal.  *Id.* at 1234 (citing *United States v. Coyne*, 4 F.3d 100, 112 (2d Cir. 1993)).

But an indictment is only constructively amended where the trial evidence or jury charge "operates to broaden[] the possible bases for conviction from that which appeared in the indictment."  *United States v. Milstein*, 401 F.3d 53, 65 (2d Cir. 2005) (quoting *United States v. Miller*, 471 U.S. 130, 138 (1985) (alteration in original)).  For at least two reasons, that has not happened here.  First, this motion is likely premature.  In the decisions the defendants cite, a motion to strike was only filed following trial—after evidence had been presented and jury instructions given.  But the defendants provide no authority for striking allegations pre-trial after the government's disclosure of additional specifics about the charges against a defendant.

Second, and in any event, the Court is not convinced that the government's additional disclosures did constructively amend the Indictment.  The "core criminality" alleged in each count is that Rajaratnam and Chiesi participated in certain identified conspiracies to commit securities fraud.  Those allegations remain unchanged.  The government has simply added detail to its allegations about the means used to commit securities fraud.  *See United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (no constructive amendment "where a generally framed indictment encompasses the specific legal theory or evidence used at trial").  The means of the conspiracy alleged in Count One, for example, is the conspirators' "disclos[ure]" of material, nonpublic information or "execut[ion]" of securities transactions based on that information.  In the Indictment, some securities were specified—Atheros, Marvell—and now the government has

3

identified the rest.  In the same way, the means of the conspiracy alleged in Count Five is that Chiesi obtained inside information from some companies—the Indictment mentioned IBM, AMD, and Sun, and the government has now identified two others—and then shared some of this information with other individuals.  That the government has now supplied more detail about the securities at issue does not change the core criminality alleged; it is still conspiracy to commit securities fraud.  *See id*. at 621 (noting that the prosecution could carry its burden "by proving any alleged or unalleged overt act that fit within the core of criminality identified in the indictment") (internal quotation marks omitted); *United States v. LaSpina*, 299 F.3d 165, 182 (2d Cir. 2002) ("[I]n the context of a conspiracy charge, [t]he Government need not . . . set out with precision each and every act committed . . . in furtherance of the conspiracy, particularly where the acts proven at trial were part of the core of the overall scheme and in furtherance of that scheme.  It is clear the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy.") (internal quotation marks and citation omitted); *see also United States v. Delano*, 55 F.3d 720, 729 (2d Cir. 1998) ("In determining whether an essential element of the offense has been modified . . . , we have consistently permitted significant flexibility in proof, provided that the defendant was given notice of the core of criminality to be proven at trial.") (internal quotation marks omitted).[2]

---

[2] Rajaratnam's brief obliquely refers to the risk that he will be convicted of charges at variance with those contained in the indictment.  (*See* Def.'s Br. Supporting Motion to Strike 4.)  To the extent he intends to suggest that the government's trial proof will unconstitutionally vary from the indictment, the suggestion is premature.  "A variance arises when the evidence adduced at trial establishes facts different from those alleged in an indictment."  *Dunn v. United States*, 442 U.S. 100, 105 (1979).  But to obtain relief from a conviction, a defendant must show that the variance resulted in "substantial

In his motion, Rajaratnam also argues that the timing of the government's recent disclosures jeopardizes his right to a fair trial. But he cites no authority for striking charges in these circumstances. Instead, the cases he cites concern whether motions for a bill of particulars should be granted to allow defendants to adequately prepare their defense. (*See* Def.'s Br. Supporting Motion to Strike 7.)[3] Here, the government has identified the specific companies whose securities are at issue in Count One, and the question is whether that identification was timely enough to give Rajaratnam the opportunity to prepare an adequate defense. It was. At the time the government identified the specific companies contemplated in Count One, the trial's scheduled start was more than six months distant. Moreover, in December 2009 and January 2010, the defendants were given wiretap applications and recordings of wiretap intercepts

---

prejudice." *United States v. McDermott*, 918 F.2d 319, 326 (2d Cir. 1990). A variance is immaterial, and therefore not prejudicial, "'where the allegation and proof substantially correspond, where the variance is not of a character that could have misled the defendant at the trial, and where the variance is not such as to deprive the accused of his right to be protected against another prosecution for the same offense.'" *United States v. Mucciante*, 21 F.3d 1228, 1236 (2d Cir. 1994) (quoting *United States v. Heimann*, 705 F.2d 662, 669 (2d Cir. 1983)). Here, the information challenged by the defendant appears to flesh out broader allegations already contained in the indictment. There is no indication at present that the securities the government has recently identified are outside the scope of the Rajaratnam–Ali Far conspiracy as alleged in Count One. Accordingly, Rajaratnam has not yet made a showing that the government's recent letters constitute a variance that will substantially prejudice his Fifth Amendment rights. *See United States v. LaSpina*, 299 F.3d 165, 183 (2d Cir. 2002) ("The challenged evidence was within the scope of the . . . conspiracy as alleged and, as such, was not of a character that could prejudice [the defendant].").

[3] None of the cases defendant cites are on point. *See United States v. Bortnovsky*, 820 F.2d 572, 574 (2d Cir. 1987) (reversing a district court's refusal to grant a bill of particulars); *United States v. Upton*, 856 F. Supp. 727, 748 (E.D.N.Y. 1994) (ordering the government to identify documents it planned to rely on at trial); *United States v. Trie*, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (granting motion for bill of particulars with respect to particular statements alleged to be false).

containing information about these newly specified securities.[4]  Particularly given the amount of time remaining before trial, Rajaratnam has not shown why the companies termed "other companies" in Count One, and now specifically identified by the government, should be stricken.

## II.     Motion to Dismiss Count One

In much the same vein as his motion to strike, Rajaratnam moves to dismiss Count One of the Indictment because it allegedly charges "multiple distinct conspiracies" in a single count and is "thus prejudicially duplicitous."  (Def.'s Br. Supporting Motion to Dismiss 1.)[5]  This motion too is meritless.

Rule 8(a) requires "separate counts" for each charged offense.  Fed. R. Crim. Proc. 8(a).  "An indictment is impermissibly duplicitous where: (1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be 'a separate count for each offense,' and (2) the defendant is prejudiced thereby."  *United States v. Sturdivant*, 244 F.3d 71, 75 (2d Cir. 2001)

---

[4] Rajaratnam argues that this production could not have been expected to put the defendants on notice of the nearly two dozen securities now identified as objects of Count One.  This is especially so, he says, in light of the government's representation at a conference held on February 17, 2010 that the defendants only "need[ed] to focus on the calls that they're on," which the government estimated to be about 6,000 of the 18,000 total intercepts.  (*See* Def.'s Br. Supporting Motion to Strike 6–7; Feb. 17, 2010 Conf. Tr. 11.)  But at the same conference, counsel for Rajaratnam and Chiesi both implied that they intended to listen to *all* of the intercepts, not just the intercepts of conversations involving one of the defendants.  (*See* Feb. 17, 2010 Conf. Tr. 4, 5, 8.)  Recognizing this, the Court said to the government that, "of course, counsel on either side are going to want to listen to all of [the intercepts]," not just those involving one of the defendants.  (*Id.* 11.)

[5] In this motion Rajaratnam also renews his argument that Count One was unconstitutionally amended by the government's letters of March 22, 2010; April 14, 2010; May 7, 2010; and June 11, 2010.  (*See* Def.'s Br. Supporting Motion to Dismiss 5.)  For the reasons given above, that argument is unavailing.

(Sotomayor, J.) (citing *United States v. Murray*, 618 F.2d 892, 896 (2d Cir. 1980)).  The policy considerations underlying the duplicity doctrine include

> avoiding the uncertainty of whether a general verdict of guilty conceals a finding of guilty as to one crime and a finding of not guilty as to another, avoiding the risk that the jurors may not have been unanimous as to any one of the crimes charged, assuring the defendant adequate notice, providing the basis for appropriate sentencing, and protecting against double jeopardy in a subsequent prosecution.

*United States v. Aracri*, 968 F.2d 1512, 1519 (2d Cir. 1992) (quoting *United States v. Margiotta*, 646 F.2d 729, 733 (2d Cir. 1981)).

Application of the doctrine to conspiracy indictments presents "unique issues, for a single agreement may encompass multiple illegal objects."  *Murray*, 618 F.2d at 896.  In this circuit, a "single conspiracy may be found where there is mutual dependence among the participants, a common aim or purpose or a permissible inference from the nature and scope of the operation, that each actor was aware of his part in a larger organization where others performed similar roles equally important to the success of the venture."  *United States v. Vanwort*, 887 F.2d 375, 383 (2d Cir. 1989).  "Each member of the conspiracy is not required to have conspired directly with every other member of the conspiracy; a member need only have 'participated in the alleged enterprise with a consciousness of its general nature and extent.'"  *United States v. Ohle*, 678 F. Supp. 2d 215, 222 (S.D.N.Y. 2010) (Sand, J.) (quoting *United States v. Rooney*, 866 F.2d 28, 32 (2d Cir. 1989)).

"If the Indictment on its face sufficiently alleges a single conspiracy, the question of whether a single conspiracy or multiple conspiracies exists is a question of fact for the jury."  *Ohle*, 678 F. Supp. 2d at 222; *see Aracri*, 968 F.2d at 1519 ("Whether the

government has proved a single conspiracy or has instead proved multiple other independent conspiracies is a question of fact for a properly instructed jury."); *United States v. Szur*, No. 97-108, 1998 WL 132942, at *11 (S.D.N.Y. Mar. 20, 1998) (Koeltl, J.) ("[S]ince the Indictment on its face sufficiently alleges a single conspiracy, the question of whether a single or multiple conspiracies exist is a question for the jury and is not a basis to dismiss the conspiracy count.  As the Government correctly notes, the defendants may properly request a multiple conspiracies jury instruction depending upon the evidence presented at trial."); *United States v. Gabriel*, 920 F. Supp. 498, 504–05 (S.D.N.Y. 1996) ("Given Count Six's boilerplate allegations of a single conspiracy, the Court cannot conclude on the basis of the pleadings alone that there is no set of facts falling within the scope of Count Six that could warrant a reasonable jury in finding a single conspiracy.").  For that reason "courts in this Circuit have repeatedly denied motions to dismiss a count as duplicitous."  *Ohle*, 678 F. Supp. 2d at 222.

Here, Count One on its face alleges a single conspiracy.  In contending otherwise, Rajaratnam leans too heavily on a heading found in the Indictment.  Within the "COUNT ONE" section, the government describes the conspiracy as "The Rajaratnam–Far Insider Trading Scheme."  (Indictment 2.)  But that title does not imply a conspiracy of two any more than the phrase "the Jordan–Pippen Bulls" implies a short-handed basketball team.  The Indictment's description of the Rajaratnam–Far conspiracy makes this unmistakably clear: "RAJ RAJARATNAM, the defendant, Ali Far, *and others known and unknown*, participated in a scheme to defraud . . . ."  (*Id.* ¶ 4 (emphasis added).)  As alleged, Count One describes a conspiracy of several participants, some unknown, others known and identified (Rajaratnam and Far), still others known but unidentified.

8

That Count One facially alleges a single conspiracy is enough to warrant denial of Rajaratnam's motion, for the same reasons given in the cases cited above. *See, e.g., Ohle*, 678 F. Supp. 2d at 222. What is more, if a jury could find some set of facts that demonstrate a single conspiracy as charged in Count One, dismissal on duplicity grounds is unjustified. *See Gabriel*, 920 F. Supp. at 505. Whether likely or not, there is such a set of facts here. At the least, it would be premature to say otherwise prior to the presentation of the government's case at trial.

For these reasons, the two motions [75] are denied.

SO ORDERED.

Dated: New York, New York
August 12, 2010

Richard J. Holwell
United States District Judge