UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x
                                                :

UNITED STATES OF AMERICA      :

    -v-                               :
                                               :   S2 09 Cr. 1184 (RJH)

RAJ RAJARATNAM,              :

              Defendant.      :
---------------------------------x

## GOVERNMENT'S MOTION TO STRIKE DEFENSE EXHIBIT DX-4689M

The Government moves to strike defense exhibit 4689M. (Attached as Exhibit A). On April 13, 2011, counsel for Raj Rajaratnam, the defendant, offered DX-4689M into evidence. The Court admitted the document into evidence subject to a Government motion to strike. Because no employee from Galleon nor the purported author of DX-4689M has agreed to speak with the Government regarding the creation of this document and specifically whether it was created since Rajaratnam's arrest, the appearance of the document raises serious questions about its authenticity, and the document contains lots of confusing information from which the defense will surely make arguments that the Government will have a difficult time to respond to without understanding the document and being given a chance to ask questions of a witness about its content, the Government moves to strike it from evidence. The defendant has not laid a sufficient foundation for the document (or documents attached together), and there is no witness from Galleon who has explained or will explain it. Counsel for the defendant must be planning to use the document during summation, but the document on its face raises significant questions about its content, the timing of its creation, and its meaning such that it will create confusion.

On April 13, 2011, during the testimony of Richard Schutte, the defense offered DX-4689M into evidence. (Attached as Exhibit B are the relevant excerpts of the trial transcript.) At the outset, Schutte stated that the document "is a valuation spreadsheet on Voyager, that is correct." (Trial Tr. 4347). The Government asked to conduct *voire dire* on the admissibility of this document, and the defense objected and proceeded to ask additional questions in an attempt to lay a proper foundation for the document's authenticity and admissibility. (Trial Tr. 4348). Asked the leading question by defense counsel "[a]re you familiar with it as something that was prepared within Galleon," Schutte answered "I am familiar that this was maintained by the back office at Galleon, that is correct." (Trial Tr. 4348). The Government then asked to conduct *voire dire*, and the Court agreed. (Trial Tr. 4348). The Government asked whether Schutte knew when the back office at Galleon had prepared the document, and Schutte responded: "I assume they maintained this over several years." (Trial Tr. 4348-49). The Government then asked "[d]id you ever see this document in the back office," and Schutte responded: "No. I don't see very document in the back office." (Trial Tr. 4349). The Government asked who provided the document to him, and Schutte responded Yoga Yogakumar, whom the Government understands is a relative of Rajaratnam who worked at Galleon for some period of time. (Trial Tr. 4349).

The Government then asked: "Was this on Galleon's computer system or was this a document that was prepared in the last year or so?" (Trial Tr. 4349). The defense objected to this question, and the Court heard argument regarding the document at the side bar. The defense clearly did not want Schutte to answer whether the document had been prepared after Rajaratnam's arrest on October 16, 2009. That is fundamentally the most important question. If

2

the document was prepared by Yogakumar after Rajaratnam's arrest, then the document is *not* admissible as a business record of Galleon as its creation after Rajaratnam's arrest would tend to show without further testimony from its author that it was not prepared in the ordinary course of Galleon's business but instead to assist Rajaratnam's defense or for some other purpose.

At side bar, the defense stated that they were not going to ask Schutte any questions about the document—further raising the issue about the contents of the document and the date of its creation. (Trial Tr. 4350). The Government informed the Court that it wanted to verify that Yogakumar was, in fact, the author and ask questions of the author to find out when it was created. The Court then stated: "I am going to admit it subject to a motion to strike." (Trial Tr. 4351).

Since April 13, 2011, the Government has made several attempts to speak with the author of the document and anyone in Galleon's back office about the content of the document. Rajaratnam's counsel did not answer any questions about the document's creation date, and referred the Government to Galleon's counsel. Galleon's counsel stated that they did not have any answers about the origin of the document other than Schutte's testimony, and referred the Government to Yogakumar's counsel. Yogakumar's counsel informed the Government that Yogakumar was not willing to speak with the Government.

The authenticity, reliability, and admissibility of the document is called into question by a number of factors. First, neither Galleon nor defense counsel has offered to produce a witness who has the ability to identify the document as having been created prior to Rajaratnam's arrest. This is a very serious issue. The Government has no idea whether this document was prepared after Rajaratnam's arrest in order to help Rajaratnam's defense. Schutte

3

did not know anything about the document other than that it came from Yogakumar, one of Rajaratnam's relatives who worked at Galleon, and the defense objected when the Government asked Schutte about when the document was created. That raises a concern that Schutte either did not know or knew that it was created after Rajaratnam's arrest. Second, the defense introduced numerous documents through Schutte that were printed after Rajaratnam's arrest—including numerous articles from news and other media. Accordingly, there was clearly an effort after Rajaratnam's arrest to collect information for his defense. That further raises the concern that DX-4689M was created after Rajaratnam's arrest. Third, the content of the document is suspicious. The first and second pages look like standard Excel spreadsheets but there is absolutely no information about the author of the document and the creation date. There are also numbers that appear at the end of certain columns on the first page that do not make any sense. Without a witness to explain them, it is unclear what any of it means. The second page of the document relates to purported subscriptions and redemptions (presumably) regarding Rajaratnam's and Rajat Gupta's interest in the Voyager Capital fund. None of it makes a lot of sense without further explanation from a witness. Pages three through seven are simply put strange in appearance. They look like documents that were created at a different point in time than the first two pages. They also cause considerable confusion regarding the contents. The fourth page, for example, is entitled "SWAP PAYMENT FROM TANZANITE VI LIMITED TRUST." It's entirely unclear what that means, and whether it has anything to do with this case. It lists the dates of September 29, 2006, December 29, 2006, and May 1, 2007 with numbers next to them, and comments such as "invested into FX" and "Transferred into Gb Voyager Fund."

None of it makes any sense. The last page states "FOR MSFS" and it's unclear what it relates to and the significance or lack there of the information on it.

The defense has not laid a sufficient foundation for the document's authenticity, relevance, and general admissibility. The Government has offered several times to simply speak with the author of the document, and/or anyone in Galleon's back office regarding the document, to verify that the document is one document, as opposed to several different documents, and that the document(s) was kept in the ordinary course of Galleon's business as opposed to being created after Rajaratnam's arrest. Galleon's production of the document to the Government does not answer the relevant questions. Galleon also produced certain news articles introduced through Schutte that were printed after Rajaratnam's arrest. If those were not news articles but instead documents created and printed after Rajaratnam's arrest, they would not have been admissible.

Accordingly, the Government respectfully moves to strike DX-4689M.

Dated: New York, New York
April 15, 2011

Respectfully submitted,

PREET BHARARA,
United States Attorney for the
Southern District of New York

By: _____
JONATHAN R. STREETER
REED M. BRODSKY
Assistant United States Attorneys
ANDREW Z. MICHAELSON
Special Assistant United States Attorney
212-637-2272/2492/2348