**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7243**

WRITER'S INTERNET ADDRESS
**christinechung@quinnemanuel.com**

June 9, 2015

<u>VIA ECF</u>

The Honorable Loretta A. Preska
Chief United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2220
New York, NY 10007-1312

Re:   <u>United States v. Raj Rajaratnam</u>
       S2 09 Cr. 1184 (LAP)

Dear Chief Judge Preska:

This firm represents defendant Raj Rajaratnam in connection with a motion to vacate his sentence under 28 U.S.C. § 2255 to be filed on or before next Tuesday, June 16, 2015, one year from the denial of his petition for writ of *certiorari*. Although Judge Holwell conducted the two-month trial, this case was transferred to Your Honor after sentencing. We write to respectfully request leave to file a memoranda of law in support of the motion of 45 pages in length.

The reason for this request is that the issues Mr. Rajaratnam plans to raise are fact-intensive and that, despite counsel's best efforts, addressing them given the extensive record has required more than the 20 pages allowed by Your Honor's Individual Rules. The motion contends that several of Mr. Rajaratnam's convictions should be vacated under *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), because the government failed to adduce evidence that Mr. Rajaratnam knew that any purported inside information, related to several disputed trades, had been furnished by a tipper in exchange for an objective, consequential benefit. This argument requires addressing in some detail the proof as to the counts at issue. Mr. Rajaratnam also will argue that the testimony of the government's main witness against Mr. Rajaratnam, cooperator Anil Kumar, at the trial last June of Mr. Rajaratnam's brother, Rengan Rajaratnam, demonstrates that Mr. Kumar perjured himself at Mr. Rajaratnam's trial, and that the two counts of conviction affected by Mr. Kumar's testimony should also be vacated. This claim relies on a comparison of the main points of testimony given by Mr. Kumar in the two trials, which includes four days of testimony in the proceedings against Mr. Rajaratnam.

quinn emanuel urquhart & sullivan, llp

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

2

The Honorable Loretta A. Preska

We are aware of Second Circuit precedent casting doubt on whether this Court has the jurisdiction to entertain this request before the petition is itself filed.  *See United States v. Green*, 260 F.3d 78, 82-83 (2d Cir. 2001) (holding that the district court did not have jurisdiction to consider request for extension of time of due date for section 2255 petition until "the moving party requests the extension upon or after filing an actual section 2255 petition").  We submit this request in an excess of caution.

We have conferred with the government about this request, and it does not consent.

We thank the Court for its consideration of this request.


Respectfully submitted


/s/ *Christine H. Chung*

Christine H. Chung

cc:     Katherine Goldstein, Esq.
        Amy Ruth Lester, Esq.