**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7243**

WRITER'S INTERNET ADDRESS
**christinechung@quinnemanuel.com**

December 20, 2016

<u>VIA ECF</u>

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 2220
New York, NY 10007-1312

Re:     *United States* v. *Raj Rajaratnam*
        15 Civ. 5325 (LAP)
        S2 09 Cr. 1184 (LAP)

Dear Judge Preska:

        This firm represents defendant-movant Raj Rajaratnam in the matter of his motion pursuant to 28 U.S.C. §2255 (the "Motion").  We write with regard to the recent Supreme Court decision in *Salman v. United States*, 137 S. Ct. 420 (2016), which, as anticipated in our letter to the Court on January 29, 2016, does not address or alter the legal requirement that is principally at issue in the pending Motion.  It remains the law of this Circuit that the government must prove, in an action alleging insider trading, that the defendant had *knowledge* of the tipper's receipt of a personal benefit in exchange for disclosing inside information.  *See United States v. Newman*, 773 F.3d 438, 449-50 (2d Cir. 2014), *cert. denied,* 577 U.S. ___ (2015).  As set forth in the Motion, the government failed to present evidence addressed to that requirement as to the trades underlying at least five counts for which Mr. Rajaratnam was convicted and sentenced.

        The Supreme Court in *Salman* held that a tipper who provides a "gift of confidential information to a trading relative or friend" receives a "personal benefit," such that his transmission of that information constitutes a breach of fiduciary duty, as required as a predicate for insider trading.  137 S. Ct. at 427-28.  The Court made clear, however, that its decision addresses only a "narrow issue," *id.* at 427, and "does not implicate" the separate holding, by the Second Circuit in *Newman*, that the government in an insider trading prosecution must prove "that the defendants knew the information they traded on came from insiders or that the insiders received a personal benefit in exchange for the tips." *Id.* at 425, n.1.  In fact, the Court in *Salman*

**quinn emanuel urquhart & sullivan, llp**

LOS ANGELES | NEW YORK | SAN FRANCISCO | SILICON VALLEY | CHICAGO | WASHINGTON, DC | HOUSTON | SEATTLE
LONDON | TOKYO | MANNHEIM | MOSCOW | HAMBURG | PARIS | MUNICH | SYDNEY | HONG KONG | BRUSSELS

The Honorable Loretta A. Preska
December 20, 2016

reaffirmed that requirement, holding that a tippee is prohibited from trading on information only if he "knows the information was disclosed in breach of the tipper's duty." *Id.* at 423.

It was the government's position at trial that it was under no obligation to prove that Mr. Rajaratnam possessed such knowledge. Gov't Request to Charge, dated 2/2/11, Instr. 21, p. 36 (Ex. E to Declaration of Christine H. Chung, dated June 16, 2015). As such, it is not surprising that the government failed to present evidence of guilt for many of the trades at issue. As set forth in Mr. Rajaratnam's briefs in support of his Motion (Raj. Opening Br. 19-25; Raj. Reply Br. 5-16), the government did not present trial testimony regarding the trades that are the subject of his Motion from any of the tippers (each of whom was remote to him), or the intermediary tippees, with the sole exception of Adam Smith. Moreover, except in the case of Kamal Ahmed, who tipped information purportedly used in the ICST trade (underlying Count One), the government did not attempt to prove that Mr. Rajaratnam knew even the identity of the insider who tipped information to the intermediary, much less that Mr. Rajaratnam knew the benefit, if any, that the insider received. (Raj. Opening Br. 19-25; Raj. Reply Br. 5-16.)

The government sidestepped the issue of Mr. Rajaratnam's knowledge of any personal benefit received by the remote tippers in its Opposition to the Motion, by focusing on demonstrating that the tippers had in fact received benefits for disclosing confidential information. (Gov't Opp. Br. 22-32.) But it was the government's burden, and remains so after *Salman*, to prove that Mr. Rajaratnam *knew* of those purported benefits. 2016 WL 7078448 at *5, n.1. That burden was unmet. Specifically:

- With respect to the trades at issue in Count Two, which account for nearly $23 million of the total gain considered at sentencing, the government made no effort to demonstrate that Mr. Rajaratnam had any information whatsoever as to how or from whom his intermediary, Roomy Khan, had obtained the information that he purportedly took into account in his trading. (Raj. Opening Br. 19-21; Raj. Reply Br. 5-9.)

- With respect to the Akamai trades at issue in Counts Five, Eight, Nine, and Ten, the government relied on a taped conversation between Danielle Chiesi and Mr. Rajaratnam in which Chiesi stated to Mr. Rajaratnam that she had duped a "guy" who had "just called" into revealing information. (*See* GX 532, GX 532-T (July 24, 2008) (Chiesi gloating that she had played Taylor "like a piano" by prompting him to disclose information).) Ms. Chiesi's near-contemporaneous description directly contradicts any theory that Taylor intended to confer a "gift" from which Chiesi could profit, *see Salman*, 137 S. Ct. at 428 (explaining that tipper breached duty specifically because he "disclos[ed] confidential information as a gift to his brother with the expectation that he would trade on it"), and certainly provides no evidence that Mr. Rajaratnam knew or understood Taylor's expectations or motivations.[1]

---

[1]   Conversations between Chiesi and Taylor taped months after the Akamai trades occurred, and on which the Opposition relied as proof of Taylor's intent to give Chiesi a personal benefit in the form of inside information about Akamai (Gov't Opp. Br. 28-29), were relevant only to prove Taylor's breach

The Honorable Loretta A. Preska
December 20, 2016

- Lastly, the record regarding the ICST trade underlying Count One establishes that Mr. Rajaratnam could not have known that the Morgan Stanley insider, Ahmed, received "any benefit," because Adam Smith, the intermediary and sole witness on the matter, affirmatively denied offering "any benefit" to Ahmed before the trade.  (Tr. 2806.)

In sum, accepting after *Salman* that the satisfaction of providing inside information for use by a friend is a benefit under the securities laws, the fact remains that the government never proved Mr. Rajaratnam was aware that tippers had provided information for the sake of that benefit, or any other.  Accordingly, Mr. Rajaratnam's conviction on five of the counts charged against him, and his sentence, which was based in large part on the transactions underlying those faulty convictions, must be vacated.


Respectfully submitted,

/s/ *Christine H. Chung*

Christine H. Chung


cc:     AUSA Michael Ferrara
        Samidh Guha, Esq.

---

regarding AMD, not Mr. Rajaratnam's knowledge of any breach by Taylor.  (Tr. 3111-18 (government argument at trial that tapes of conversations between Chiesi and Taylor from fall of 2008 were relevant to proving Taylor's breach vis-à-vis AMD, "regardless of whether Mr. Rajaratnam knew about it or not.")