UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    v.

RAJ RAJARATNAM,

        *Defendant*.

S2 09 Cr. 1184 (LAP)
15 Civ. 5325 (LAP)

# MEMORANDUM OF LAW IN SUPPORT OF
# DEFENDANT RAJ RAJARATNAM'S MOTION FOR ISSUANCE OF A
# CERTIFICATE OF APPEALABILITY

QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

*Attorneys for Raj Rajaratnam*

April 3, 2017

**PRELIMINARY STATEMENT**

By Memorandum Opinion and Order dated March 3, 2017, the Court denied Mr. Rajaratnam's motion pursuant to 28 U.S.C. § 2255 (the "Memorandum Opinion"), concluding, most centrally, that Mr. Rajaratnam had failed to demonstrate his "factual innocence" with respect to five of the 14 counts of conviction, and the ICST trade underlying Count One, and thus was not entitled to vacatur of the judgment and re-sentencing.  Because Mr. Rajaratnam's constitutional claim of actual innocence is "debatable," at a minimum, a certificate of appealability should issue under 28 U.S.C. § 2253(c), so that he may appeal this Court's decision.

**ARGUMENT**

It is within the district court's province to address the question of issuing a certificate of appealability in the first instance.  *See United States v. Lozada*, 107 F.3d 1011, 1016-17 (2d Cir. 1997), *abrogated on other grounds by United States v. Perez*, 129 F.3d 255 (2d Cir. 1997).  In the words of the statute, the certificate should issue if the defendant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Supreme Court has explained that the "substantial showing" requirement is not onerous.  A defendant need only show that his appeal presents a question that "reasonable jurists could debate," a standard less demanding than even likelihood of succeeding.  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation marks omitted); *accord Love v. McCray*, 413 F.3d 192, 195 (2d Cir. 2005).  The question is whether defendant has demonstrated "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further."  *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (quotations marks omitted) (alternation in original).

Mr. Rajaratnam requests a certificate of appealability as to whether, in light of *United States v. Newman*, 773 F.3d 438 (2d Cir. 2014), and *Salman v. United States*, 137 S. Ct. 420 (2016), he is "actually innocent" of Counts Two, Five, Eight, Nine, Ten and the ICST trade underlying Count One.  The challenged Counts and trades account for about half of the $63.8 million "gain" figure attributed to Mr. Rajaratnam at sentencing.  Mr. Rajaratnam, who surrendered to serve his sentence in December 2011, has now served over half of his 11-year sentence.  The forfeiture judgment that Mr. Rajaratnam satisfied, in the amount of $53.8 million, was also based on the "gain" figure adopted at sentencing.

The question of Mr. Rajaratnam's "actual innocence" of the specified Counts and trades is "debatable," at a minimum, and accordingly a certificate of appealability should be granted.  Mr. Rajaratnam's "actual innocence" claim relates only to trades in which he was a remote tippee—a tippee at least one level removed from the insider who disclosed confidential information.  Mr. Rajaratnam's argument has been that as to those trades, the government failed to adduce evidence from which a reasonable juror could have concluded that he knew that the insider had received a personal benefit in exchange for disclosing confidential information.  Indeed, the government's view at trial was that it had no obligation to prove such knowledge on Mr. Rajaratnam's part.

Mr. Rajaratnam's arguments regarding the failure of the government's proof are a matter of record and without repeating them, he respectfully submits that it is "debatable," at a minimum, whether, for example, there was proof of his awareness of the identities or insider status of intermediary Roomy Khan's sources, or of any benefit conferred by intermediary Adam Smith upon insider Kamal Ahmed.

In addition, in rejecting Mr. Rajaratnam's claim, this Court relied on reasoning that Mr. Rajaratnam was "situated very differently from either Newman or Chiasson" because: (1) he was only one level removed from the insider; or (2) he "was providing a benefit to the intermediate tippees," making it reasonable for a juror to infer that he must have known that the insider was likewise receiving a benefit from the intermediary; or (3) he used "coded language" to refer to a trade. Mem. Op. at 14, 16. Mr. Rajaratnam respectfully submits that reasonable jurists could debate whether the reasoning of *Newman* depends on the levels of remoteness between the insider and the defendant. Also, *Newman* itself rejected the reasonableness of drawing an inference of the defendant's knowledge of a benefit received by a remote insider based upon payments made by the defendant to the intermediary, *see* 773 F.3d at 448, or acts of concealment on the defendant's part. *See* Gov't Br., *United States v. Newman*, 2013 WL 6163307, at *27 (2d Cir. Nov. 14, 2013) (claiming that "efforts to conceal the true bases" for the trades demonstrated defendant's knowledge of receiving insider information). At least arguably, the Memorandum Opinion accepts reasoning that *Newman* rejected: that an insider necessarily discloses inside information for a personal benefit. 773 F.3d at 454 ("[T]he Supreme Court affirmatively rejected the premise that a tipper who discloses confidential information necessarily does so to receive a personal benefit.").

Mr. Rajaratnam notes that the Second Circuit has granted motions for certificates of appealability permitting other insider trading defendants to appeal the denial of Section 2255 motions raising issues under *Newman* and *Salman*. *See* Order, *Gupta v. United States*, No. 15-2707(L), 15-2712 (Con) (2d Cir. Feb. 4, 2016) (Lead Dkt. No. 67); Order, *Whitman v. United States*, No. 15-2686 (2d Cir. Dec. 8, 2015) (Dkt. No. 32). Mr. Rajaratnam also intends to appeal the denial of his petition for *coram nobis*—a step that does not require a certificate of

appealability.  *Finkelstein v. Spitzer*, 455 F.3d 131, 132 (2d Cir. 2006) (*per curiam*) (citing *United States v. Baptiste*, 223 F.3d 188, 189 n.1 (3d Cir. 2000)).  That appeal will set forth his "actual innocence" claim, as did his *coram nobis* petition to this Court.

## CONCLUSION

For the foregoing reasons, this Court should issue a certificate of appealability.

DATED:   New York, New York　　　　　Respectfully submitted,
    April 3, 2017

                QUINN EMANUEL URQUHART & SULLIVAN, LLP

              By: */s/ Christine H. Chung*
                Christine H. Chung
                Adam M. Abensohn
                Christopher T. Cook

                51 Madison Avenue, 22nd Floor
                New York, New York 10010
                (212) 849-7000