UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------X
RAJ RAJARATNAM,                :
                               :    15 Civ. 5325 (LAP)
           Petitioner,         :
                               :    Related To:
    -against-                  :    09 Cr. 1184 (LAP)
                               :
UNITED STATES OF AMERICA,      :    ORDER
                               :
           Respondent.         :
                               :
------------------------------x

Loretta A. Preska, Senior United States District Judge:

On March 3, 2017, the Court denied Raj Rajartnam's ("Rajaratnam" or "Petitioner") motion pursuant to 28 U.S.C. § 2255 to correct, vacate, and/or set aside the sentence. (Op., Mar. 3, 2017, dkt. no. 373). On April 3, 2017, Petitioner filed a motion requesting the Court to issue a Certificate of Appealability ("COA") regarding the question of whether he is actually innocent in light of United States v. Newman, 773 F.3d 438 (2d Cir. 2014), and Salman v. United States, 137 S. Ct. 420 (2016). (Mot., Apr. 3, 2017, dkt. no. 374). The Government opposed this motion by letter dated April 21, 2017. (Opp., April 21, 2017, dkt. no. 376). The motion is denied for the following reasons.

District courts should grant a COA only where a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a

1

district court has denied a petitioner's constitutional claim on the merits, the court may issue a certificate only when the petitioner has "demonstrate[d] that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner presents two arguments in support of his application. First, Petitioner notes that the Court distinguished his case from Newman by highlighting the fact that he was situated very differently from Newman and Chiasson. (Mot. at 3). Petitioner therefore argues that reasonable jurists could debate whether the reasoning in Newman was dependent on how far removed the defendant was from the insiders. (Id.) However, the Court's decision was not solely dependent on how far removed Petitioner was from the insiders. Rather, the Court made this distinction to support its finding that based on the overwhelming evidence adduced at trial a reasonable jury could infer that Petitioner had knowledge that insiders were providing confidential information in exchange for a personal benefit. Reasonable jurists would not find this conclusion debatable.

Second, Petitioner argues that the Court's decision relies on propositions that the Newman Court arguably rejected. (Mot. at 3). Specifically, Petitioner notes that "Newman itself

2

rejected the reasonableness of drawing an inference of the defendant's knowledge of a benefit received by a remote insider based upon payments made by the defendant to an intermediary . . . or acts of concealment on the defendant's part." (Id.)(internal citations omitted). Contrary to Petitioner's assertion, the Newman Court did not address whether acts of concealment or payment to intermediate tippees would form a reasonable basis for a jury to find that the defendant had knowledge of the exchange of inside information for a benefit. Moreover, the Court's decision did not assume "that an insider necessarily discloses inside information for a personal benefit." (See Mot. at 3). Rather, the Court found that the extensive evidence adduced at trial allowed the jury to conclude that the defendant had actual knowledge that insiders were providing information in exchange for a benefit, particularly in light of Salman, which held that such benefits need not be pecuniary in nature. (Op. at 12, 14-17). Accordingly, because Petitioner's argument depends on inaccurate representations of both Newman and the Court's Opinion, reasonable jurists would not find the Court's assessment debatable.

CONCLUSION

For the foregoing reasons, the Court denies Petitioner's motion requesting the issuance of a Certificate of Appealablity (dkt. no. 374) because Petitioner has failed to identify a claim

that jurists of reason would find debatable. See Slack, 529 U.S. at 478.

SO ORDERED.

Dated:   New York, New York
         May 9, 2017

*Loretta A. Preska*

LORETTA A. PRESKA
Senior United States District Judge