

SAMIDH GUHA
212-399-8350 PHONE
sguha@perryguha.com EMAIL

May 11, 2022

**VIA ECF**

The Honorable Loretta A. Preska
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re:   Raj Rajaratnam — Early Termination of Supervised Release

Dear Judge Preska:

We represent Raj Rajaratnam, who is currently on supervised release arising out of his 2011 conviction in this District for violations of the federal securities laws in *United States v. Raj Rajaratnam*, S2 09 Cr. 1184 (RJH).  We write to request the early termination of Mr. Rajaratnam's supervised release pursuant to 18 U.S.C. § 3583(e)(1).  For the reasons described below, we submit that Mr. Rajaratnam is an ideal candidate for early termination of supervised release.[1]  We have spoken with Probation Department Officer Godwin Ogunmefun, who has advised that the Probation Department takes no position but indicated that Mr. Rajaratnam is in full compliance with his obligations while under the Probation Department's supervision.

## Factual Background

As Your Honor may recall, Mr. Rajaratnam was arrested as part of the government's insider trading initiative on October 15, 2009 and convicted after trial on all counts after a lengthy jury deliberation.  On October 13, 2011, the Court sentenced Mr. Rajaratnam to a period of incarceration of eleven years in custody, required that he forfeit $53.8 million dollars and imposed an additional $10 million criminal fine.  Subsequently on November 7, 2011, Judge Jed S. Rakoff imposed an additional civil penalty, related to the same trades that were subject of the criminal proceeding, against Mr. Rajaratnam for an additional sum of $92.3 million in *Securities Exchange Commission v. Galleon Group et al.*, 09 Civ. 8811 (JSR).

---

[1] We first submitted this request to the sitting Part I judge on April 13, 2022, given that the judge who imposed sentence on Mr. Rajaratnam left the bench several years ago.  The Court asked that we submit this instead to Your Honor given your role in adjudicating Mr. Rajaratnam's *habeas* petition subsequent to his sentencing.

The Honorable Loretta A. Preska
May 11, 2022

Mr. Rajaratnam has fully satisfied the terms of the criminal and civil judgments against him.  Mr. Rajaratnam has served his custodial sentence in full and, as of today, will have served more than one-half of his two-year term of supervised release.  With respect to the financial sanctions, Mr. Rajaratnam personally paid all sums owed to the government.[2]  Mr. Rajaratnam also personally assured that all Galleon Group investors were made whole by responsibly winding down the fund while contesting the charges against him.

Mr. Rajaratnam's custodial sentence concluded on or about April 15, 2021.  At that time, Mr. Rajaratnam commenced serving a two-year term of supervised release.  On April 15, 2022, Mr. Rajaratnam completed one year of his term of supervised release and have one year of supervision remaining.

## Applicable Law

Under Title 18, Section 3583(e)(1) of the United States Code, the Court is authorized to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to order early termination of a period of supervised release. The Judicial Conference has advised that courts should "consider the suitability of early termination for offenders as soon as they are statutorily eligible" and identified the following general criteria for assessing whether a statutorily eligible offender should be recommended:

1. stable community reintegration (e.g., residence, family, employment);

2. progressive strides toward supervision objectives and in compliance with all conditions of supervision;

3. no aggravated role in the offense of conviction, particularly large drug or fraud offenses;

4. no history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);

---

[2] The total of the criminal and civil monetary penalties amounted to over thirty-five times any theoretical gain received by Mr. Rajaratnam as a result of the trades in question.  This, coupled with the eleven year sentence of incarceration, marks an unprecedented punishment for a defendant under these circumstances by Mr. Rajaratnam has complied fully with these sanctions.

The Honorable Loretta A. Preska
May 11, 2022

    5.      no recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;

    6.      no recent evidence of alcohol or drug abuse;

    7.      no recent psychiatric episodes;

    8.      no identifiable risk to the safety of any identifiable victim; and,

    9.      no identifiable risk to public safety based on the Risk Prediction Index.

*Guide to Judiciary Policy*, Vol. 8E, Ch. 3 § 380.10(b), "Early Termination" (Monograph 109) (rev'd 2010).

On their face, criteria 3 through 7 are not relevant to Mr. Rajaratnam's conviction and he has never been subject to any allegations by the government relating to these factors.

## ARGUMENT

Mr. Rajaratnam has fully reintegrated himself into society after completion of his custodial sentence arising out of his federal conviction. He has emerged to resume his life as a productive member of society. Mr. Rajaratnam promptly and timely fulfilled all his obligations to Court both in connection with the criminal and civil consequences of his conviction. As a result, he has no outstanding commitments to the government, any other entity, or any other individual in connection with his prosecution. He has dutifully complied with all conditions of Supervised Release.[3]

Mr. Rajaratnam is the ideal candidate for early termination of supervised release. The lion's share of the criteria for the Court's consideration outlined by the Judicial Conference are simply not applicable to Mr. Rajaratnam. He was convicted of a non-violent offense and has no history of substance abuse, weapons possession or other misdeeds. Indeed, prior to his conviction, Mr. Rajaratnam had an otherwise unblemished record of good citizenship, charitable works and propriety, which he has continued since the completion of his custodial sentence and undoubtedly will continue going forward.

Mr. Rajaratnam has embraced his lawful return to society from the moment of his release from the federal corrections facility where he was housed for so many years. He returned home to his devoted and loving family, including most immediately his wife, his children and his elderly mother.[4] Mr. Rajaratnam has focused his energies in no small part on continuing his philanthropic

---

[3] Mr. Rajaratnam wishes to acknowledge his appreciation for the Probation Department's assistance and thoughtfulness during his period of supervision.

[4] Sadly, his father, who like his mother lived with Mr. Rajaratnam and his family, passed away during his incarceration.

3

The Honorable Loretta A. Preska
May 11, 2022

goals, both in the United States and in his native Sri Lanka. Mr. Rajaratnam has supported organizations across wide areas of non-profit work, including healthcare, education, and poverty alleviation. As but a sampling of these extensive efforts, Mr. Rajaratnam has financially supported organizations like Project Yarl IT, which provides software training for young adults in underserved Sri Lankan communities. He has also funded full scholarships to university students, has provided housing and professional counseling for wartime widows and has organized food aid for the elderly. Mr. Rajaratnam remains committed to his philanthropic mission, which predates his conviction and was recognized at his sentencing by the Court for its scope and impact. We respectfully submit that his more recent and continuing charitable efforts are reflective of his commitment to contributing as a productive citizen to his community.

While not relevant for consideration of this petition, early termination of Mr. Rajaratnam's supervised release will allow him to travel to Sri Lanka and other countries to visit aging relatives that he has not seen since he was first charged in October 2008. This would also permit him to observe firsthand some of the charitable projects that he and his wife have spearheaded and determine what other assistance they may directly provide to their partner organizations and others in need.

Given Mr. Rajaratnam's commendable reentry into the community and his unblemished compliance with his supervised release to date, we respectfully request that the Court order that his term of supervision be terminated under 18 U.S.C. § 3583(e). We will of course provide any additional information to the Court as needed.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

Samidh Guha

cc:   United States Probation Officer Godwin Ogunmefun (via electronic mail)