UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA,            :
                                     :         09-cr-1184 (LAP)
              -v.-                    :
                                     :         ORDER
RAJ RAJARATNAM,                      :
                                     :
                   Defendant.        :
------------------------------------x

LORETTA A. PRESKA, Senior United States District Judge:

     Before the Court is Defendant Raj Rajaratnam's motion for

early termination of supervised release pursuant to 18 U.S.C.

§ 3583(e).  (Dkt. no. 383 ("Mot.").)  The Government opposed

(dkt. no. 385 ("Opp.")) and Defendant replied (dkt. no. 387

("Reply")).  For the reasons set forth below, the motion is

denied.

     Defendant was convicted after trial of all fourteen counts

relating to his participation in an insider trading scheme.

Judge Holwell sentenced him to 11 years in custody, and

required him to forfeit $53.8 million and pay a $10 million

criminal fine.  In addition, Defendant was subject to a civil

penalty of $92.8 million arising out of the Securities and

Exchange Commission proceeding.  See S.E.C. v. Rajaratnam, No.

822 F. Supp. 2d 432 (S.D.N.Y. 2011), aff'd, 918 F.3d 36 (2d

Cir. 2019).  Defendant was also sentenced to a two-year term of

supervised release, and he completed one year of that on April

15, 2022.

In his motion, Defendant argues that he has "fully reintegrated himself into society," has "promptly and timely fulfilled all his obligations to court, both in connection with his criminal and civil consequences of his conviction," "has dutifully complied with all conditions of supervised release," and has continued "his philanthropic goals, both in the United States and in his native Sri Lanka." (Mot. at 3-4.) Defendant argues that early termination of his supervised release "will allow him to travel to Sri Lanka and other countries to visit aging relatives" and "to observe first hand some of the charitable projects that he and his wife have spearheaded and determine what other assistance they may directly provide to their partner organizations." (Id. at 4.) He also argues that the Section 3553(a) factors support early termination. (Reply at 1-2.)

The Court has discretion to terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). When making such a determination, the Court must consider several of the factors set forth in 18 U.S.C. § 3553(a),[1] as well as any "new

---

[1] Specifically, the Court must weigh the nature and circumstances of the offense of conviction, considerations of specific deterrence and public safety, the need for further rehabilitation, the sentencing factors dictated by the

or unforeseen circumstances" that make termination appropriate.
United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997).
Under certain circumstances, a defendant's "exceptionally good
behavior" may render the original conditions of supervision
"either too harsh or inappropriately tailored to serve" general
punishment goals.  Id.  Nonetheless, "[g]eneral compliance with
the original terms and conditions of superv[ision] does not
suffice to justify early termination."  United States v.
Maguire, No. 04 Cr. 267 (VM), 2008 WL 5429838, at *1 (S.D.N.Y.
Dec. 22, 2008); see also United States v. Flores, No. 99 Cr.
1110 (RWS), 2010 WL 2573385, at *1 (S.D.N.Y. June 28, 2010) ("A
defendant's faithful compliance with the terms of his
supervision does not, by itself, entitle him to modification or
termination of his term of supervised release."); United States
v. Sarna, No. 06 Cr. 1067 (JFK), 2009 WL 2633153, at *1
(S.D.N.Y. Aug. 26, 2009) (defendant's compliance with the terms
and conditions of his supervision is insufficient to "rise to
the level of 'exceptionally good behavior' that would warrant
early termination of supervised release"); United States v.
Rasco, No. 88 Cr. 817 (CSH), 2000 WL 45438, at *1 (S.D.N.Y.
Jan. 19, 2000) (holding that "model prison conduct and full

---

guidelines, the need to avoid unwarranted sentencing
disparities across defendants, and the need to provide
restitution to any victims.  See 18 U.S.C. §§ 3583(e) and
3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5),
(a)(6), and (a)(7).

compliance with the terms of supervised release is what is
expected of [defendant] and all others serving terms of
imprisonment and supervised release and does not warrant early
termination"); United States v. Medina, 17 F.Supp.2d 245, 247
(S.D.N.Y. 1998) (observing that if unblemished post-
incarceration conduct were a sufficient reason to terminate
supervised release, then "the exception would swallow the
rule").

Here, Defendant has not demonstrated the "exceptionally
good behavior" that would warrant early termination.
Compliance with the terms and conditions of supervised release
is expected and does not, by itself, entitle the supervisee to
early termination.  While Defendant should be commended for
compliance with the terms and conditions of supervised release
and for returning to his prior charitable good works, such is
not the "exceptionally good behavior" that merits early
termination.

With respect to Defendant's wish to travel
internationally, the terms and conditions of supervised release
do not prevent him from doing so.  He need only request
permission from the supervising Probation Officer, and, indeed,
the Government has confirmed that the officer would not oppose
such a request.  (Opp at 2.)

With respect to the Section 3553(a) factors, Defendant is
correct that several favor early termination, including the

4

lack of need for further rehabilitation or specific deterrence. But the need for punishment for this clearly serious offense requires that this Defendant be treated like other Defendants, including those without this Defendant's means. Because the evaluation of the Section 3553(a) factors is not one of merely counting them up, the Court finds that the need for punishment and equal treatment outweigh the rest.

Accordingly, Defendant's motion for early termination of supervised release is DENIED. The Clerk of the Court shall close the open motions at dkt. nos. 381, 382, and 383.

**SO ORDERED.**

Dated:   New York, New York
          June 16, 2022

LORETTA A. PRESKA
Senior United States District Judge